UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIELLE JENKINS,**

    **Plaintiff,**

v.                                        Case No. 8:09-cv-2558-T-33TBM

**HUNTER WARFIELD, INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

    THIS MATTER is before the court following the hearing on the Court's Order to Show Cause (Doc. 23), wherein the Plaintiff, Danielle Jenkins, was ordered to appear and show cause why her case should not be dismissed for failure to prosecute.  The Show Cause Hearing was conducted February 2, 2011.  Counsel for Defendant appeared telephonically.  Plaintiff, Danielle Jenkins, failed to appear in person or telephonically at the Show Cause hearing.  For the reasons set forth below, I recommend Plaintiff's case be dismissed for lack of prosecution.

    This is an action based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA), initiated by Plaintiff, Danielle Jenkins, against Hunter Warfield, Inc., a national debt collections company.  Plaintiff, through counsel, filed her Complaint on December 18, 2009, alleging that Defendant's collector who identified himself as "Reid Silverman" contacted Plaintiff in an attempt to collect an alleged debt.  Silverman allegedly threatened to have the state of Tennessee garnish Plaintiff's wages and seize her property for

failure to pay a debt she denies owing.  She alleges that Silverman's conduct on behalf of Defendant violated the FDCPA for which she is entitled to actual and statutory damages. (Doc. 1).  On March 8, 2010, Defendant answered Plaintiff's Complaint denying the allegations of same and raising several affirmative defenses.  (Doc. 6).  A case management report was filed by the parties on May 3, 2010, (Doc. 12) and thereafter the court entered a Case Management and Scheduling Order (Doc. 13).  Among other deadlines, the court's Order set a deadline for discovery of October 29, 2010.[1]  *Id.*  Additionally, the court entered an Order on August 8, 2010, referring the case to mediation and ordering that same be accomplished by December 29, 2010.  (Doc. 14).  James R. Betts was selected as mediator with mediation scheduled for December 6, 2010.  (Doc. 15).  On October 28, 2010, the parties filed a joint motion requesting an extension of time to complete discovery which was granted and the discovery deadline was re-set to December 28, 2010.  (Docs. 16, 17).

On December 14, 2010, counsel for Plaintiff moved to withdraw because he had been unable to speak with or otherwise communicate with the Plaintiff.  (Doc. 18).  His motion alleged that in early October 2010, he mailed her Defendant's discovery requests which UPS tracking reflects were received by Plaintiff, and he called and left her a message regarding the mediation.  Counsel followed up on October 27, 2010, with another call, message, and subsequent email regarding the outstanding discovery and scheduled mediation date.  Plaintiff did not respond.  On November 4, 2010, counsel again tried to reach Plaintiff

---

[1] The dispositive motion deadline expired December 29, 2010.  The case is scheduled for pretrial conference on April 6, 2011, with jury trial scheduled on the court's May 2011 trial calendar.  (Doc. 13).

via telephone and email regarding discovery and the mediation date, to which Plaintiff did not respond. Due to her lack of communication with him, counsel informed Plaintiff on November 24, 2010, that he would be withdrawing as her counsel. *Id.*

The court scheduled a hearing on counsel's motion to withdraw for January 12, 2011. The Notice requested Plaintiff to appear in person or by telephone and directed counsel to provide Plaintiff with a copy of the court's notice (Doc. 19). On January 7, 2011, counsel filed a notice of compliance (Doc. 20) reflecting that the notice scheduling the hearing (Doc. 19) was sent to Plaintiff via UPS and email. Additionally, counsel represented that Plaintiff was called and a message left for her informing her of the hearing. The court conducted the hearing on counsel's motion to withdraw on January 12, 2011. Plaintiff, Danielle Jenkins, did not appear for the hearing. Following the hearing, an Order was entered granting counsel's motion to withdraw. (Doc. 22). The Order noted that due to Plaintiff's total failure to participate in discovery or otherwise prosecute her case, a separate order to show cause would be issued.[2] *Id.* at 2.

The court issued an Order to Show Cause and Notice of Hearing ordering Plaintiff to appear at the United States Courthouse, Courtroom 12B, 801 North Florida Avenue, Tampa, Florida, on February 2, 2011, at 11:30 a.m., to show cause why her case should not be dismissed for failure to prosecute. (Doc. 23). The Order documented Plaintiff's lack of participation in discovery including a complete failure by Plaintiff to respond to

---

[2]The Order, a copy of which was sent to Plaintiff by the Clerk, also directed Plaintiff to advise the court by January 28, 2011, as to the name and address of substitute counsel or if she wished to proceed pro se. To date, Plaintiff has not filed anything with the court or otherwise advised the court in response to this directive.

3

interrogatories and requests for production, a failure to cooperate in the scheduling of her deposition, and a failure to comply with the court-ordered mediation deadline. *Id.* A copy of the Order was mailed to the Plaintiff on January 14, 2011. *See* Docket entry dated January 14, 2011. The Order was not returned. As noted, Plaintiff failed to appear.

Pursuant to Rule 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Jones*, 709 F.2d at 1458 (quoting *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)). A district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction. Fed. R. Civ. P. 37; *see Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, it is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (the inherent authority of a federal trial court to dismiss a plaintiff's action with prejudice for failure to prosecute is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts). Local Rule 3.10 also provides that a court may dismiss a complaint for want of prosecution. *See* M.D. Fla. R. 3.10.

Here, Plaintiff has evidenced a complete lack of interest in participating in the prosecution of her claim. Not only has she ignored all discovery requests propounded by the

Defendant, including efforts to schedule her deposition, she also ignored the court-ordered mediation deadline and failed to appeared for hearings duly noticed by the court.  At no point in the litigation has Plaintiff made any showing of good cause to justify her failure to prosecute her claim.  Further, the court can have no confidence that another order of the court directing the Plaintiff's participation will necessarily result in the advancement of this cause.  Thus, Plaintiff's case is one of the rare cases calling for the ultimate sanction of dismissal for failure to prosecute.  To recommend otherwise would unnecessarily extend the financial burden on the Defendant and inappropriately approve of Plaintiff's conduct.

Accordingly, I recommend that Plaintiff's case be dismissed and the case closed.

Respectfully submitted on this
2nd day of February 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of Record
Pro se Plaintiff, Danielle Jenkins, 8380 King William St., Cordova, TN 38016